UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CHARLES E. MENSH, *pro se*,     :
                                :
                Petitioner,     :     **MEMORANDUM & ORDER**
                                :     08-CV-4162 (DLI)(ALC)
       -against-          :
                                :
UNITED STATES OF AMERICA,       :
                                :
                Respondent.     :
                                :
------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Charles E. Mensh filed this action under 26 U.S.C. § 7609 to quash two summonses issued by the Internal Revenue Service to Tradestation Securities Inc., and Citigroup to obtain petitioner's financial information. Respondent moves to dismiss this action under Fed. R. of Civ. P. 12(b)(1), (4), and (6). For the reasons set forth below, the motion is granted and the case is dismissed in its entirety.

    I.    Discussion

        a.  Legal Standards

On a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court created a new pleading standard that requires plaintiffs to "state a claim to relief that is plausible on its face." 550 U.S. 544, 547 (2007). To be facially plausible, a complaint cannot make merely "a

1

formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (citations omitted). The Second Circuit interpreted *Twombly* to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis added). For the purposes of this rule, the complaint is deemed to include writings and documents attached to it, referenced in it, or integral to it. *See* Fed. R. Civ. P. 10(c); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (internal quotation marks omitted).

Because petitioner is a *pro se* litigant, the court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court interprets the pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

  b. The Motion to Dismiss is Timely.

Petitioner argues that the court must reject the motion because respondent served it after the 60-day period under Fed. R. Civ. P. 12(a)(2). Specifically, petitioner argues that the motion "is incontrovertibly untimely by 6 days" given that:

(1) he mailed his papers on December 5, 2008; (2) 60 days from December 5, 2008 is February 3, 2008; and (3) respondent did not serve this motion until February 9, 2008. These facts do not preclude the court from considering the motion.

As an initial matter, respondent's motion is not untimely because petitioner improperly served respondent, and improper service does not start the 60-day period under Rule 12(a)(2). *See Beckman v. Manfield*, 3:06-CV-00689, 2008 WL 873382 (D.Nev. Mar. 27, 2008); *Petry v. Cummings*, CIV-82-551E, 1986 WL 671, at *4 n.1 (W.D.N.Y. Jan. 2, 1986); *French v. Banco Nacional De Cuba*, 192 F. Supp. 579, 581 (S.D.N.Y. 1961). "To serve the United States, a party *must* . . . deliver a copy of the *summons* and of the complaint . . . ." Fed. R. Civ. P. 4(i)(1) (emphasis added). Petitioner did not serve a copy of the summons, and therefore, service was improper.

Even assuming that service had been proper, respondent's motion would have been late only by two days,[1] and such a minor technical violation would not warrant a default judgment under Fed. R. Civ. P. 55. "The disposition of motions for entries of default and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95

---

[1] Petitioner served his petition by mail on December 5, 2008. Had this service been proper, respondent would have been required to serve a responsive pleading within the next 63 days. *See* Fed. R. Civ. P. 5(b)(2)(C) ("[S]ervice is complete upon mailing"); Fed. R. Civ. P. 6(d) ("When . . . service is made under Rule 5(b)(2)(C), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); Fed. R. Civ. P. 12(a) (giving the government 60 days to serve a motion to dismiss). Thus, respondent would have been required to serve its motion to dismiss on Friday, February 6, 2009, which is 63 days after December 5, 2008. In this instance, respondent served its motion on Monday, February 9, 2009 because it mistakenly believed that it had 60 days from December 9, 2008, the day it received the petition. (*See* Resp't Reply at 2.)

(2d Cir. 1993), and "district courts regularly exercise their discretion to deny technically valid motions for default." *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir. 1986). In exercising this discretion, district courts consider equitable factors including: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Diakuhara*, 10 F.3d at 96. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.*

Here, petitioner did not seek an entry of default, but even if he could and did assert a technically valid motion for default, the equities would not weigh in his favor. Respondent's untimeliness was not willful, but rather resulted from a misunderstanding of when the 63-day period began. Petitioner has not argued, and there is no basis to believe, that this brief delay in receiving respondent's motion somehow prejudiced him. Moreover, as explained below, petitioner's claims are baseless, and, therefore, it is in the interest of judicial economy to dispose of this action at the earliest possible stage. Under these circumstances, respondent's two-day delay is excused and the court will address the merits of this motion. *See Totalplan Corp. of America v. Lure Camera Ltd.*, 613 F. Supp. 451, 456 (W.D.N.Y. 1985) (citing *Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981)).

c. The Court Lacks Subject Matter Jurisdiction over the Petition to Quash the Summons that the IRS Issued to Tradestation.

Under 26 U.S.C. § 7609(h)(1), the court must dismiss the petition to quash the summons to Tradestation because it lacks subject matter jurisdiction over that petition. Federal courts have an independent obligation to dismiss any case over which they lack subject matter jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 699 (2d. Cir 2000). Section 7609(h)(1) confers subject matter jurisdiction only when a petitioner commences the action in the district where "the person to be summoned resides or is found." *See McCammon v. U.S.*, 569 F. Supp. 2d 78, 80-82 (D.D.C. 2008) (citations omitted) (collecting cases that "have repeatedly concluded that [§ 7609(h)] limits federal district courts' *subject matter* jurisdiction to hear petitions to quash IRS summonses"). Neither the statute, the Supreme Court, nor the Second Circuit has defined the phrase "resides or is found." Apparently, all of the federal courts that have considered the phrase have concluded that it requires the summoned party to have a physical presence, such as a branch office, within the district.[2] Tradestation does not have a physical presence in this district. It is headquartered in Florida and does not maintain a physical presence in New York. Therefore, the court does not have subject matter jurisdiction over the summons

---

[2] *See Hopkins v. I.R.S.*, Civ. No. 07-262 JH, 2008 WL 2079151, at *3 (D.N.M. Mar. 28, 2008); *Cayman Nat. Bank, Ltd. v. U.S.*, No. 8:06-MC-50-T-24 MAP, 2007 WL 641176, at *3 (M.D.Fla. Feb, 26, 2007); *Williams v. U.S.*, No. 1:05-mc-6, 2005 WL 3105404, at *2 (E.D.Tenn. July 29, 2005); *Pilschesky v. U.S.*, No. 3:08-MC-0103, 2008 WL 4452672, at *2 (M.D.Pa. Sept. 29, 2003); *Scharringhausen v. United States*, No. 02-CV-2076h, 2003 WL 352764, at *2 (S.D.Cal. Jan. 15, 2003); *Oldham v. United States*, No. 01-1410HA, 2002 WL 850205, at *1-2 (D.Oreg. Mar. 21, 2002).

issued to Tradestation.

> d. Petitioner Has Failed to State a Claim for which Relief May be Granted.

Petitioner's sole argument for challenging the summonses is that Title 26 of the United States Code "is not the law," because Congress has not enacted Title 26 into positive law under 1 U.S.C. § 204(a). (Pet. at ¶ 2, 3.) Petitioner argues that the court must "disregard the misleading language of USC 26, 7602 [*sic*] and look to the Statutes at Large for governing law in this case." (Pet. ¶ 4.) This so-called misleading language of § 7602 confers broad power to the IRS to issue a summons:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—(1) To examine any books, paper, record, or other data which may be relevant or material to such inquiry; (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry . . . .

26 U.S.C. § 7602(a)(2). According to petitioner, the "Statutes at Large," circumscribe this broad authority by limiting the summons authority of the IRS to: (1) "those who have been notified of an obligation to file and have either refused or neglected to do so"; and (2) "people or entities engaged in certain special business activities that are required to *deliver a monthly or other return of objects subject to tax*." (Pet. at ¶ 2, 5

(internal quotation marks omitted and emphasis in original).) Petitioner claims that he does not fall into either category, and therefore, the IRS has no authority to issue the summonses.

This argument is specious. Section 7602 is duly enacted law, and "the enactment into 'positive' law of a title of the United States Code [does not] make or unmake the efficacy or force of a duly-enacted [*sic*] law." *United States v. Zuger*, 602 F. Supp. 889, 891 (D.Conn. 1984). Moreover, both the Supreme Court and the Second Circuit have recognized that § 7602 delegates broad summons power to the IRS. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984) (noting that "the very language of § 7602 reflects . . . a congressional policy choice *in favor of disclosure* of all information relevant to a legitimate IRS inquiry. In light of this explicit statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad summons authority of the IRS") (emphasis in original) (citing *Milwaukee v. Illinois,* 451 U.S. 304, 315, (1981)); *St. German of Alaska Eastern Orthodox Catholic Church v. United States,* 840 F.2d 1087, 1092 (2d Cir.1988) (noting that the IRS "enjoys broad summons power") (citation omitted). Petitioner has not alleged any facts that would permit the court to find that respondent exceeded its broad summons authority under these liberal standards. Petitioner's claim that § 7602 is not the law is meritless. Accordingly, the court finds that he has failed to state a claim for which relief may be granted.

II. Conclusion

For the reasons set forth above, the motion to dismiss is granted in its entirety.

SO ORDERED

DATED: Brooklyn, New York
July 27, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge